1 | Baiting Jiang
2 | 345 W Washington Ave
| Suite 301#2013
3 | Madison, WI 53703
| United States
4 | E-mail: tinglaw218@gmail.com
| 626 438 7029
5 | Plaintiff
6 | In Pro Se

FILED/REC'D
2025 JUL 14 P 1:39
CLERK OF COURT
U.S. DISTRICT COURT
WD OF WI

25 CV 592 JDP

7 | Lanjiao Qin

8 | Baiting Jiang
9 | 345 W Washington Ave
| Suite 301#2013
10 | Madison, WI 53703
| United States
11 | Plaintiff
12 | In Pro Se

13 | IN THE UNITED STATES DISTRICT COURT
| FOR THE WESTERN DISTRICT OF WISCONSIN

14 | BAITING JIANG, an individual; Lanjiao Qin, an Individual and Does 1 to 100, inclusive

Case No.

**Complaint and Demand for Jury Trial**

Plaintiffs,

Vs.

NBCUIVERSAL MEDIA, LLC, a limited Liability Company, NBCUniversal Media, INC, a corporation; Brian L. Roberts, an Individual; Comcast Corporation, a corporation; KNTV Television LLC, a limited liability company; Candice Nguyen, an individual; Jeremy Carroll, an individual; Michael Bott, an individual; Anthony Rutanashoodech, an individual; Michael Horn, an individual; Mark Villarreal , an individual; Alex Bozovic, an individual; Hongyu Yang, an

1. Negligence
2. Trespass
3. Intentional Infliction of Emotional Distress
4. Breach of the Warranty of Habitability
5. Breach of the Implied Covenant of Quiet Enjoyment
6. Battery
7. Fraud (Intentional Misrepresentation)
8. Defamation
9. Intentional Infliction of Emotional Distress
10. Intentional Interference with Prospective Economic Advantage
11. Invasion of Privacy / Intrusion into Private Affairs

COMPLAINT

Page 1 of 28

| | |
|---|---|
| individual; Weixia Dong, an individual; Yushun Yang, an individual; Rajakumar Sobers, an individual; Quan He, an individual; Bay Area Homeowners Network, a nonprofit organization; Xionghong Dou, an individual; Zihui Chen, an individual; Feng Yi, an individual, Yijian Shi, an individual, and Does 1-100 INCLUSIVE | 12. Violation of the Computer Fraud and Abuse Act – 18 U.S.C. §1030<br>13. Conspiracy to Violate Civil Rights – 42 U.S.C. §1985(3) |
| Defendants. | |

**NOW COMES Baiting Jiang and Lanjiao Qin, who state their Complaint for causes of action against** NBCUIVERSAL MEDIA, LLC, NBCUniversal Media, INC,; Brian L. Roberts,; Comcast Corporation; KNTV Television LLC,; Candice Nguyen, an individual; Jeremy Carroll, Michael Bott; Anthony Rutanashoodech;  Michael Horn ; Mark Villarreal ; Alex Bozovic,; Hongyu Yang; Weixia Dong; Yushun Yang; Rajakumar Sobers; Quan He,; Bay Area Homeowners Network, Xionghong Dou; Zihui Chen; Yijian Shi, Feng Yi, and Does 1 to 100, inclusive .

1. Plaintiff BAITING JIANG and LANJIAO QIN (hereinafter referred to as "Plaintiffs"), individuals, brings this civil action against Defendants WEIXIA DONG and her husband, YUSHUN YANG, married individuals; RAJAKUMAR SOBERS, her sexual partner and the co-owner of the Premises; and HONGYU YANG , her son, QUAN HE, a manager and active member of the Bay Area Homeowners Network, BAY AREA HOMEOWNERS NETWORK,  KNTV TELEVISION LLC, CANDICE NGUYEN; JEREMY CARROLL; MICHAEL BOTT; ANTHONY RUTANASHOODECH;  MICHAEL HORN; MARK VILLARREAL; ALEX BOZOVIC, BRIAN L. ROBERTS, XIAOHONG DOU, ZIHUI CHEN, YIJIAN SHI, and FENG YI and DOES 1 TO 100, inclusive, (hereinafter collectively referred to as "Defendants") and complains and alleges upon her own knowledge with respect to herself and upon information and belief with respect to all other matters, as follows:

2.      At all relevant times herein, Plaintiff Baiting Jiang was a tenant of Defendants, occupying a studio on 1704 South Norfolk Avenue, San Mateo, California (hereafter referred to as the "Premises").

3.      Beginning on or about 2019, Plaintiff entered into lawful possession of the premises pursuant to a written rental agreement with Defendants for the occupancy of the premises as a tenant, whereby Plaintiff agreed to pay Defendants monthly rent pursuant to the agreement.

4.      Plaintiff is informed and believes, and on that basis alleges, that at all relevant times herein Defendants Weixia Dong, Yushun Yang, Hongyu Yang, Rajakumar Sobers were the legal owners or agents of the owners or managers of the Premises, or had legal tile and/ or equitable rights to the Premises entitling them to manage and lease the Premises to Plaintiffs. Plaintiff is informed and believes, and on that basis alleges that Defendants own and/or manage the Premises.

5.      The true names and capacities, whether individual, corporate, associate, or otherwise, of Defendants DOES 1 TO 100, inclusive, are currently unknown to Plaintiff at this time.  As such, Plaintiff therefore sues said Defendants by such fictitious names.  Plaintiff is informed and believes, and on that basis alleges, that each of the Defendants designated herein as a DOE defendant is legally responsible in some manner for the acts, conduct, occurrences, events, happenings, and damages herein referred to, and directly and proximately caused or contributed to the injuries and damages of Plaintiffs as alleged herein.

6.      On information and belief, at all relevant times mentioned herein, each and every Defendant was the agent, employee, servant, partner, or joint venturer of each of its or his or her

COMPLAINT

Page 3 of 28

1  co-Defendants, and in doing the actions described below was acting within the scope of its or his

2  or her authority as such agent, employment, service, partnership, and joint venture and with the

3  permission and consent of each co-defendant.  In particular, at all relevant times mentioned

4  below and in performing the acts alleged below, Defendants were Plaintiff's "landlords."

5        7.    Plaintiff is informed and believes, and on that basis alleges, that at all relevant

6  times herein mentioned, each of the remaining Defendants in doing the things alleged herein,

7  were acting within the course and scope of its or his or her agency, employment and/or

8  representation and with the knowledge, ratification and consent of each of the other Defendants.

9        8.    At all relevant times mentioned herein, Defendants were engaged in the business

10  of renting/leasing and/or managing residential real property, including the Premises, to the

11  public.

12        9.    The Defendants, as landlords and/or managers of the Premises, owed Plaintiffs a

13  duty of reasonable care in the management of the premises.

14       10.    On or about April 18, 2020, Defendant Weixia Dong physically hit Plaintiff at the

15  Premises' parking lot repeatedly.

16       11.    On or about July 15, 2020, without any warning or notice of entry or permission

17  or authorization by Plaintiff, Defendants, through their agents of seven men, entered into the

18  Premises and removed the lavatory sink and the toilet, and disconnected the water to Plaintiff's

19  unit, intentionally doing so without 24 hours' notice of entry and undertaken at a time when

20  Plaintiff was not present in her home and not aware of when she would be specifically denied use

21  of water, for drinking, bathing, cleaning, washing, or toilet use.

22

23

24

25

1        12.    On or about July 15, 2020, upon returning to her residence at approximately 10:30

2    A.M., Plaintiff found Defendants' seven agents at the Premises, and for fear of her safety and

3    property, demanded that Defendants' seven agents leave the Premises as there was no warning or

4    notice of entry or permission or authorization to enter.  Plaintiff also called the police out of fear

5    for her safety and property.

6        13.    By the time Plaintiff's seven agents had left the premises, the water had been shut

7    off, the lavatory sink and the toiled had been removed, and the shower was inoperable.

8        14.    On or about July 15, 2020, the same day, Plaintiff Baiting Jiang wrote to

9    Defendant's counsel, Cary Klatter, by email and informed him that she was without water, toilet,

10   and lavatory sink.  Defendant's counsel did not respond to Plaintiff's request for a resumption of

11   water, or a return of her turn of toilet and lavatory sink, nor did Counsel Klatter return a similar

12   message from Plaintiff's counsel, Joseph K. Bravo, informing Counsel Klatter of the shutting off

13   of Plaintiff's water and removal of her toilet and lavatory sink.

14       15.    On or about July 16, 2020, Plaintiff Baiting Jiang wrote to Defendant's counsel,

15   Cary Klatter, by email and informed him again that she was without water, a toilet and a lavatory

16   sink.  Defendant's counsel did not respond to Plaintiff's request for a resumption of water or

17   return of her turn of her toilet and lavatory sink, nor did Counsel Klatter return a similar message

18   from Plaintiff's counsel, Joseph K. Bravo, informing Counsel Klatter, again, of the shutting off

19   of Plaintiff's water and removal of her toilet and lavatory sink.

20       16.    Plaintiff Baiting Jiang has suffered extreme emotional distress as result of the acts

21   of Defendants' agents undertaken at Defendants' direction.  Plaintiff is forced to urinate in a

22   bucket and pour the bucket of her urine down an open drain in the shower that cannot be washed

23

24

25

down, except for hand emptying water into the shower, which is unsanitary and smells. Plaintiff Baiting Jiang cannot perform a bowel movement at the property because there is no toilet at the property and the shower is not a safe or hygienic alternative for a woman to dispose of her feces. Plaintiff cannot bath or clean herself because water has been shut off. Plaintiff is compelled to cross the street to obtain a small amount of drinking water from a stranger's house during the COVID-19 pandemic.

17.     As a consequence of Defendants' conduct, Plaintiff suffered loss of use of the Premises, emotional distress, loss of personal property, and economic damages.

18.     The actions and conduct of Defendants were intentional and oppressive, thereby entitling Plaintiff to an award of exemplary damages.

## JURISDICTION AND VENUE

19. Diversity jurisdiction exists because Plaintiff is a citizen of China and Defendants are domiciled in states other than Wisconsin. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §1332, because there is complete diversity of citizenship between Plaintiff and Defendants, and the amount in controversy exceeds $75,000, exclusive of interest and costs.

20.  In addition, this Court has subject matter jurisdiction under 28 U.S.C. §1331 because Plaintiffs assert claims arising under the Constitution and laws of the United States, including 18 U.S.C. §1030 and 42 U.S.C. §1985(3).

21. The Court has supplemental jurisdiction over Plaintiffs' state law claims pursuant to 28 U.S.C. §1367.

1        Venue is proper in this District pursuant to 28 U.S.C. §1391(b) because a substantial part

2    of the events and omissions giving rise to the claims occurred in this District, and Defendants

3    directed conduct here knowing it would cause harm in this District.

4        This Court has personal jurisdiction over Defendants because they purposefully directed

5    tortious and unlawful conduct toward Plaintiffs in Wisconsin, including publication of false

6    statements accessible in this District, and unauthorized access to online platforms affecting

7    Plaintiffs in this District.

8

9    **PARTIES**

10    22. Plaintiff Baiting Jiang is a licensed Chinese attorney and was a law lecturer permanently

11          qualified to teach law in Chinese higher education institutions.

12    23. Plaintiff Lanjiao Qin is an individual of good character and the mother of Baiting Jiang.

13    24. Defendants are the corporate and individual actors identified in the caption and DOES 1–

14          100 whose identities are presently unknown but who engaged in the acts described.

15    25. Plaintiffs is informed and believes and thereon alleges that Defendant NBC Universal

16          Media, L.L.C. is and at all relevant times mentioned herein, was a limited liability

17          company registered in Delaware and is the owner and operator of KNTV Television,

18          L.L.C. in that state.

19          NBCUNIVERSIAL MEDIA, LLC

20          30 ROCKEFELLERPLAZA

21          NEW YORK, NY 10112

22          Agent for Service of Process: C T CORPORATION SYSTEM

23

24    COMPLAINT

25

330 N BRAND BLVD STE# 700, GLENDALE, CA 91203


COMCAST CORPORATION

Agent for Service of Process is: CT Corporation in Glendale, CA


BRIAN L. ROBERTS [CEO of Comcast Corporation, Parent Company of NBC

Universal]

1701 JOHN F KENNEDY BL VD

PHILADELPHIA, PA 19103


XIAOHONG DOU

3964 RIVERMARK PLAZA, #339

SANTA CLARA, CA 95054


BAY AREA HOMEOWNERS NETWORK

MEINA YOUNG

PO BOX 304

CUPERTINO, CA 95014

UNITED STATES


QUAN HE

MEINA YOUNG

1    PO BOX 304

2    CUPERTINO, CA 95014

3    UNITED STATES

4

5                    **FIRST CAUSE OF ACTION**
                       **(NEGLIGENCE)**
6

7    19.    As a First Cause of Action standing alone and pled in the alternative, Plaintiff

8    complains against Defendants, and each of them, including DOES 1 TO 100, inclusive, and for a

9    cause of action alleges:

10    20.    Plaintiff re-alleges and incorporates herein the allegations of paragraphs 1 through

     18 above as though fully set forth by this reference.

11    21.    As Plaintiff's landlords and/or managers or agents for the landlords or managers

12    of the subject premises, Defendants owed Plaintiff a duty of reasonable care in the management

13    of the Premises.

14    22.    The duties owed by Defendants to Plaintiff to exercise reasonable care, included,

15    but were not limited to: the duty to avoid interfering with the Plaintiff's full use and enjoyment

16    of the Premises; the duty to provide habitable premises; the duty to comply with state, city,

     county and municipal laws governing Plaintiff's rights as a tenant; and the duty to properly and
17
     adequately manage the Premises.
18
      23.    During the term of Plaintiff's tenancy, so as to fall within the statute of
19
     limitations, Defendants negligently and carelessly operated and managed the Premises so as to
20
     breach each of these duties which Defendants, and each of them, owed to Plaintiff, by acts,
21
     omissions and conduct as alleged and set forth herein.
22
      24.    As a direct and proximate cause of Defendants' negligence, as herein alleged,
23
     Plaintiff suffered economic and non-economic damages, all according to proof.

24                              COMPLAINT

25                              Page 9 of 28

WHEREFORE, Plaintiff prays for judgment against Defendants, and each of them, as set forth below.

## SECOND CAUSE OF ACTION
### (TRESPASS)

25.    As a Second Cause of Action standing alone and pled in the alternative, Plaintiff complains against Defendants, and each of them, including DOES 1 TO 100, inclusive, and for a cause of action alleges:

26.    Plaintiff re-alleges and incorporates herein the allegations of paragraphs 1 through 24 above as though fully set forth by this reference.

27.    Defendants, through their agents, intentionally entered the Premises without any warning or notice of entry or permission or authorization by Plaintiff, and removed the lavatory sink and the toilet, and disconnected the water to Plaintiff's unit.

28.    As a result of Defendants' entry to the Premises, Plaintiff suffered and continues to suffer harm by being denied use of water, for drinking, bathing, cleaning, washing, or toilet use.

WHEREFORE, Plaintiff prays for judgment against Defendants, and each of them, as set forth below.

## THIRD CAUSE OF ACTION
### (INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS)

29.    As Third Cause of Action standing alone, Plaintiff complains against Defendants, and each of them, including DOES 1 TO 100 inclusive, and for a cause of action alleges:

30.    Plaintiff re-alleges incorporates into this cause of action the allegations contained in Paragraphs 1 to 28 of this Complaint as if the same were set out in full herein.

31.    The conduct of Defendants alleged herein was intentional and outrageous, and by reason of such conduct, Defendants abused their special relationship of landlord and tenant. Said

conduct was intended to cause Plaintiff emotional distress. Defendants engaged in conduct with reckless disregard of the probability of causing plaintiff to suffer emotional distress. Said outrageous conduct did cause Plaintiff to suffer extreme emotional distress and anguish.

32.    As a direct and proximate result of Defendants' conduct, Plaintiff suffered actual, special, and general damages as alleged herein.

33.    The acts of Defendants, and each of them, were undertaken for improper purposes and were willful, wanton, deliberate, malicious, obstinate, oppressive, despicable, designed and intended to cause, and did in fact cause Plaintiff damages and injury and therefore justifies the awarding of exemplary and punitive damages.

WHEREFORE, Plaintiff prays for judgment against Defendants, and each of them, as set forth below.

## FOURTH CAUSE OF ACTION
### (BREACH OF THE WARRANTY OF HABITABILITY)

34.    As Fourth Cause of Action standing alone, Plaintiff complains against Defendants, and each of them, including DOES 1 TO 100, inclusive, and for a cause of action alleges:

35.    Plaintiff re-alleges incorporates into this cause of action the allegations contained in Paragraphs 1 to 33 of this Complaint as if the same were set out in full herein.

36.    The above-alleged conditions and/or practices have existed contrary to pertinent sections of the California Civil Code, California case law, and certain health and safety codes that require a dwelling intended for human occupancy to be maintained in good repair and habitable condition.

37.    Defendants had a legal duty to ensure the above conditions and/or practices were remedied in a timely matter.

38.     The defective conditions described above were not caused by any wrongful conduct or abnormal use of the premises by Plaintiff or anyone acting under Plaintiff's authority.

39.     Because of the conduct of Defendants and/or their agents as set forth above, Defendants breached their duty to maintain the premises in a decent, safe, sanitary, and habitable condition.

40.     As a direct, legal, and foreseeable result of the conduct of Defendants as set forth above, the premises were not habitable, and had reduced rental value. Plaintiff suffered damages in loss of use of the Rental Unit in an amount to be proven at trial as well as emotional stress caused by the uninhabitable conditions and economic and non-economic damages. The aforementioned acts of Defendants were in conscious disregard of Plaintiff's health and safety and were willful, oppressive, and malicious. Plaintiffs are therefore entitled to punitive damages in an amount to be proven at trial.

WHEREFORE, Plaintiffs pray for judgment against Defendants, and each of them as set forth hereafter.

## FIFTH CAUSE OF ACTION
## (BREACH OF THE IMPLIED COVENANT OF QUIET USE AND ENJOYMENT)

41.     As a Fifth Cause of Action standing alone and pled in the alternative, Plaintiff complains against Defendants, and each of them, including DOES 1 TO 100, inclusive, and for a cause of action alleges:

42.     Plaintiff re-alleges and incorporates into this cause of action the allegations contained in Paragraphs 1 through 40 of this Complaint as if the same were set out at full herein.

43.     In assuming a landlord-tenant relationship, Defendants by operation of law, covenanted not to interfere with Plaintiff's full use and quiet enjoyment of the Premises.

44.     By reason of wrongfully interfering with Plaintiff's rights of tenancy as alleged hereinabove, Defendants breached the implied covenant of quiet enjoyment, thereby, interfering with Plaintiff's use and quiet enjoyment of the Premises.

45.     As a proximate cause of Defendants' actions, as herein alleged, Plaintiff suffered annoyance and discomfort from all their general damages.

WHEREFORE, Plaintiffs pray for judgment against Defendants, and each of them, as set forth below.

### SIXTH CAUSE OF ACTION
### (BATTERY)

46.     As a Sixth Cause of Action standing alone and pled in the alternative, Plaintiff complains against Defendants, and each of them, including DOES 1 TO 100, inclusive, and for a cause of action alleges:

47.     Plaintiff re-alleges and incorporates into this cause of action the allegations contained in Paragraphs 1 through 45 of this Complaint as if the same were set out at full herein.

48.     In doing the acts as alleged above, Defendants intended to intentionally subject Plaintiff to harmful and offensive touching which actually and proximately caused Plaintiffs to suffer injury.  Defendants intended their actions to cause harmful and offensive contact, causing and placing Plaintiffs in apprehension of a harmful or offensive contact with their person and actually subjecting them to that offensive and harmful contact.

49.     As a result of Defendants' intentional conduct and contact, he made unwanted and unwelcome contact and harmful and offensive contact, Plaintiff suffered injury.

### SEVENTH CAUSE OF ACTION – FRAUD
### (INTENTIONAL MISREPRESENTATION)

Plaintiff complains and alleges:

50.  Defendants Weixia Dong, Yushun Yang, and Hongyu Yang,  Quan He, Rajakumar Sobers , Bay Area Homeowners Network , Xionghong Dou , NBCUniversal Media LLC and does 1-100 knowingly and intentionally made numerous false statements of fact about Plaintiff Baiting Jiang ,

including but not limited to allegations that Plaintiff threatened their minor child with a sharp object, damaged their property, failed to pay rent prior to the COVID-19 pandemic, and filed meritless restraining orders for the purpose of extortion.

(1) Defendants made these statements in public forums, including social media and fundraising platforms, with the intent to induce members of the public to donate money to Defendants and to damage Plaintiff's reputation.

(2) At the time these statements were made, Defendants knew they were false.

(3) Defendants intended that members of the public and the broader community would rely on these statements as true.

(4) Members of the public reasonably relied on the false statements by donating money and supporting Defendants.

(5) As a direct and proximate result, Plaintiff has suffered and continues to suffer severe reputational harm, economic loss, and emotional distress, all in an amount to be proven at trial.

(6) Defendants NBCUniversal Media LLC knew that the statements were false but nonetheless published the GoFundMe campaign of Alex Yang ("Hongyu Yang") on its official website in connection with its reporting about Baiting Jiang. NBCUniversal further associated this fundraising campaign with its television news broadcasts, YouTube news videos, and public comment sections, some of which included comments intentionally posted by members of the Bay Area Homeowners Network to promote hate crimes during the COVID-19 pandemic, at a time when anti-Asian hate crimes were surging, and to attack Baiting Jiang's race, gender, national origin, and the type of career she was pursuing etc. . This conduct was intended to mislead the public and induce donation.

(7) Defendants Weixia Dong, Yushun Yang, Hongyu Yang, Quan He, Rajakumar Sobers, the Bay Area Homeowners Network, NBCUniversal Media LLC, Xiaohong Dou, Zihui Chen,

Feng Yi，Yijian Shi, and Does 1 through 100 knowingly and intentionally knew that the statements in Hongyu Yang's GoFundMe campaign were false, but nonetheless posted them in the SOUTH CHINA UNIVERSITY OF TECHNOLOGY ALUMNI, AMERICA (Entity No. 2431160) WeChat group (in Chinese, "华南理工硅谷校友"; directly translated as "South China University of Technology Alumni Association of Silicon Valley"; hereinafter referred to as the "South China University of Technology Alumni Association of Silicon Valley") to promote donations and to harm Plaintiffs.

(8) Defendants Weixia Dong, Yushun Yang, Hongyu Yang, Quan He, Rajakumar Sobers, the Bay Area Homeowners Network, NBCUniversal Media LLC, Xiaohong Dou, Zihui Chen, Feng Yi，and Does 1 through 100 knowingly and intentionally knew that the statements in Hongyu Yang's GoFundMe campaign were false, but nonetheless disseminated them in the South China University of Technology Alumni Association of Southern California ("华南理工南加州校友") WeChat group and among South China University of Technology alumni in the United States, in order to promote donations, harm Plaintiffs, and challenge Baiting Jiang's position as a member of the board of directors of the South China University of Technology Alumni Association of Silicon Valley.

(9) Defendants Weixia Dong, Yushun Yang, Hongyu Yang, Rajakumar Sobers, Quan He, the Bay Area Homeowners Network, NBCUniversal Media LLC, Xiaohong Dou, Zihui Chen, Feng Yi，Yijian Shi, and Does 1 through 100 knowingly and intentionally knew that the statements in Hongyu Yang's GoFundMe campaign were false, but nonetheless republished them to the South China University of Technology and its alumni associations in Hong Kong, mainland China, and other countries in 2025.

(10)    Hongyu Yang's GoFundMe campaign, along with the false statements contained in the campaign, and the actions of Defendants Weixia Dong, Yushun Yang, Hongyu Yang, Rajakumar Sobers, Quan He, the Bay Area Homeowners Network, NBCUniversal Media

LLC, Xiaoghong Dou, Zihui Chen，Feng Yi，and Yijian Shi in promoting this GoFundMe campaign and its false statements in an unlawful manner, caused harm to the Plaintiffs and deceived the public into donating money.

In addition, Defendants Weixia Dong, Yushun Yang, Hongyu Yang, Rajakumar Sobers, Quan He, the Bay Area Homeowners Network, NBCUniversal Media LLC, Xiaoghong Dou, Zihui Chen，Feng Yi，and Yijian Shi's republication of Hongyu Yang's GoFundMe campaign caused the South China University of Technology to be misled and to disqualify Plaintiff from candidacy for the board of directors of the South China University of Technology Hong Kong Alumni Association "华南理工大学香港校友联合会" in 2025, even though she was qualified to be a candidate, was on the candidate list, and had the right to vote.

(11)    In 2024, Defendants Weixia Dong, Yushun Yang, Hongyu Yang, Rajakumar Sobers, Quan He, the Bay Area Homeowners Network, NBCUniversal Media LLC, Xiaoghong Dou, Feng Yi,  and Zihui Chen sent sexually harassing text messages to Baiting Jiang through Zihui Chen's husband, Yijian Shi, who is also an alumnus of South China University of Technology and a current or former director of the board of the South China University of Technology Alumni Association of Silicon Valley ("华南理工大学硅谷校友会"). Zihui Chen has served as vice president of South China University of Technology Alumni Association of Silicon Valley since September 10, 2023. Baiting Jiang objected to Yijian Shi's sexual harassment and warned him that, as the husband of the vice president of the South China University of Technology Alumni Association of Silicon Valley, he could not engage in such conduct.

(12)    On or around June 27, 2024, Defendants Weixia Dong, Yushun Yang, Hongyu Yang, Rajakumar Sobers, Quan He, the Bay Area Homeowners Network, and NBCUniversal Media LLC, Feng Yi, acting through Xiaoghong Dou, Zihui Chen, Yijian

Shi, and Does 1–100, removed Baiting Jiang from the South China University of Technology Silicon Valley Alumni Group and barred her from attending events welcoming the Hong Kong alumni visiting the United States, which were open to all alumni of the South China University of Technology and for which she had already successfully registered.

Defendants Weixia Dong, Yushun Yang, Hongyu Yang, Rajakumar Sobers, Quan He, the Bay Area Homeowners Network, NBCUniversal Media LLC, and Feng Yi, acting through Xiaohong Dou, Zihui Chen, Yijian Shi, and Does 1–100, removed Baiting Jiang from approximately fifteen WeChat groups in 2024, including but not limited to the following groups:

- 华工硅谷校友群 (South China University of Technology Silicon Valley Alumni Group)
- 华工北加校友群 (Northern California Alumni Group)
- 华工硅谷校友会 2020 届理事 (2020 Board Members Group of SCUT)
- 硅谷高校联合会之友 (Friends of Silicon Valley Universities Federation)
- 华南理工大学校友联谊一群 (SCUT's Alumni Fellowship Group)
- 元宇宙概念 (Metaverse Concept Group)
- 华工硅谷校友会 2 (SCUT's Alumni Association Group 2)
- 华工中秋活动群 (Mid-Autumn Festival Group)
- 谈金论股望春裙 (Investment Discussion Group)
- 校联会活动群 (University Association Events Group)
- 华南理工大学硅谷校友会 (SCUT Silicon Valley Alumni Association)
- 2024 选举群 (2024 Election Group)
- 华工美国校友会元老群 (SCUT's Veteran Alumni Group)
- 华南理工大学硅谷校友会华二代教育群 (SCUT's Second-Generation Education Group)
- Sherry Hu's WeChat Group

Plaintiff re-alleges incorporates into this cause of action the allegations contained in Paragraphs 1 to 49 of this Complaint as if the same were set out in full herein.

These groups included, but were not limited to, some of the most prominent networks of alumni from top universities in China and the United States, whose members are influential professionals in business, education, law, high technology, prominent political parties, and other fields worldwide.

Defendants' wrongdoing not only caused harm to Baiting Jiang but also caused harm to her mother, Lanjiao Qin.

## EIGHTH CAUSE OF ACTION: DEFAMATION

50. Plaintiff Baiting Jiang is a U.S. law graduate (2023) from UC Law San Francisco (formerly UC Hastings College of the Law) and holds a master's degree in law from South China University of Technology. She is also a licensed Chinese attorney and was a law lecturer at Chinese universities for four years. She had a good reputation and was well respected by her students and clients in China. She had a good reputation and was well respected by her students and clients in China. Plaintiff Lanjiao Qin is a private individual of good character.

51. Defendants falsely stated that Plaintiff was a Communist Party operative exploiting the COVID-19 pandemic to live rent-free forever. These statements were false, defamatory per se, and motivated by animus toward Plaintiffs' Chinese ancestry. Disseminating false statements alleging that Plaintiff was a Communist Party operative who came to the United States to live rent-free indefinitely as a "Chinese virus" and professional squatter, a fraudster, and a dangerous individual, and further falsely claiming that she was involved in prostitution, which constitutes defamation per se.

52. Defendants published false information in Hongyu Yang's GoFundMe campaign and further published false statements alleging that Plaintiff was involved in prostitution, including on news

broadcasts, on YouTube, WeChat, etc., and through republication by their agents to Plaintiff's Facebook account on or about 2024–2025. These statements constitute defamation per se.

Statements imputing criminal conduct or moral turpitude are defamation per se. Alleging that someone engages in prostitution is an accusation of criminal activity, an attack on their character and professional reputation, an imputation of serious sexual misconduct, and tends to subject the plaintiff to public contempt, ridicule, and disgrace.

Slander per se, which is actionable without proof of damages, is limited to the following four narrow categories:

(1) imputation of certain crimes to the plaintiff;

(2) imputation of a loathsome disease to the plaintiff;

(3) imputation of unchastity to a woman plaintiff; or

(4) defamation affecting the plaintiff in her business, trade, profession, or office.

See *Freer v. M & I Marshall & Ilsley Corp.*, 2004 WI App 201, 276 Wis. 2d 721, 688 N.W.2d 756.

(13)    In 2024 and 2025, Defendants Weixia Dong, Yushun Yang, Hongyu Yang, and the Bay Area Homeowners Network, acting in concert and with the assistance of Xiao Hong Dou, president of the South China University of Technology Alumni Association of Silicon Valley, Feng Yi, etc., intentionally caused Plaintiff to be removed from at least fifteen WeChat groups associated with the alumni community, prohibited from attending alumni events open to the public, and barred from candidacy for an alumni leadership position in Hong Kong. This conduct was undertaken with the purpose and effect of isolating Plaintiff, damaging her professional reputation and social standing, and causing severe emotional distress. Plaintiff re-alleges incorporates into this cause of action the allegations contained in Paragraphs 1 to 49 of this Complaint as if the same were set out

in full herein. Defendants' wrongdoing not only caused harm to Baiting Jiang but also caused harm to her mother, Lanjiao Qin.

**NINTH CAUSE OF ACTION**

**(Intentional Infliction of Emotional Distress)**

Plaintiff Baiting Jiang alleges against all Defendants:

(53) Quan He, Xiaohong Dou, Feng Yi and other alumni of the South China University of Technology Alumni Association of Silicon Valley "华南理工硅谷校友" with whom Plaintiff was connected, conspired with the Bay Area Homeowners Network and NBCUniversal Media LLC, worked in concert to remove Baiting Jiang from the WeChat group "硅谷下午茶" ("Silicon Valley Afternoon Tea") on or about November 27, 2023, after Baiting Jiang publicly disclosed that NBCUniversal Media LLC's news coverage and Hongyu Yang's GoFundMe page contained false information and sought assistance from others.

(54) In 2023, Quan He, Feng Yi, and the Bay Area Homeowners Network conspired with NBCUniversal Media LLC to suppress other reporters from investigating NBCUniversal Media LLC's coverage and to prevent Plaintiff from exposing the false, substantially untrue, and biased reporting. As a result, Plaintiff was removed from the WeChat group "硅谷下午茶" ("Silicon Valley Afternoon Tea") and from the WeChat group managed by Sherry Hu, the current Mayor of Dublin.

(55) Sherry Hu, who is originally from Hunan Province, the same province as Plaintiff, introduced a reporter to investigate NBCUniversal Media LLC's false and biased reporting after Plaintiff informed her of the truth. However, Quan He, Feng Yi, Xiaohong Dou and the Bay Area Homeowners Network conspired with NBCUniversal Media LLC to suppress any additional news coverage or investigation into the matter.

COMPLAINT

Page 20 of 28

(55) At the same time, in 2023, Quan He, Feng Yi, and the Bay Area Homeowners Network conspired with NBCUniversal Media LLC to delete a large volume of public comments posted on YouTube about NBCUniversal Media LLC's news in order to avoid legal liability.

(56) On or about May 2025, NBCUniversal Media LLC deleted and edited its television news videos, articles, and related content about Baiting Jiang on its official website and YouTube channel. NBCUniversal also manipulated Google search results and YouTube search results concerning Baiting Jiang in order to prevent judicial review and avoid legal liability.

(57) Defendant Xiaohong Dou shut down the official website of the South China University of Technology Alumni Association of Silicon Valley after removing Baiting Jiang from approximately 15 WeChat groups and barring her from attending events organized by the Association, in furtherance of a conspiracy with Quan He, Feng Yi, the Bay Area Homeowners Network, and NBCUniversal Media LLC to conceal their wrongdoing and misconduct.

(58) On or about May 2025, Defendants, including but not limited to Quan He, Xiaohong Dou, and members of the Bay Area Homeowners Network, conspiracy with NBCUniversal Media LLC, intentionally accessed and hacked Plaintiff's Facebook and LinkedIn accounts without authorization. They altered and deleted content in order to damage Plaintiff's reputation and to retaliate against her for publicly disclosing the falsity of NBCUniversal Media LLC's reporting, the fraud in Hongyu Yang's GoFundMe campaign, and their other misconduct.

59. Defendants, including but not limited to Weixia Dong, Yushun Yang, Hongyu Yang, Quan He, Rajakumar Sobers, the Bay Area Homeowners Network, NBCUniversal Media LLC, Xiaohong Dou, Zihui Chen, Feng Yi and Does 1–100, engaged in a continuous

course of conduct intended to harass, intimidate, humiliate, and emotionally harm Plaintiff. This conduct included, but was not limited to:

(1) Publishing and republishing knowingly false and defamatory statements about Plaintiff on the internet, in fundraising campaigns, and in alumni networks domestically and internationally.

(2) Disseminating false statements to alumni associations in the United States, Hong Kong, and mainland China for the purpose of harming Plaintiff's professional reputation and social standing.

(3) Removing Plaintiff from professional and alumni networks, including at least fifteen WeChat groups and events for which she was properly registered and continuing to spread false statements about Plaintiffs worldwide.

(4) Sending sexually harassing messages through Zihui Chen's husband, Yijian Shi, to intimidate and degrade Plaintiff and continuing to spread false statements about Plaintiffs worldwide.

(5) Intentionally accessing and hacking Plaintiff's Facebook and LinkedIn accounts without authorization, in order to delete and alter content to damage Plaintiff's credibility, retaliate against her for exposing the falsity of Defendants' reporting and the false information in the Hongyu Yang's GoFundMe campaign, and to prevent public disclosure of Hongyu Yang's misconduct.

Paragraphs 1 to 52 of this Complaint as if the same were set out in full herein.

The conduct described above was extreme and outrageous, exceeding all bounds of decency tolerated in a civilized society.

Defendants engaged in this conduct intentionally and with the purpose of causing Plaintiffs severe emotional distress.

As a direct and proximate result of Defendants' actions, Plaintiffs have suffered and

continues to suffer severe emotional distress, including anxiety, depression, humiliation, insomnia, and other physical and mental symptoms.

Plaintiffs have been damaged in an amount to be proven at trial and seeks all available relief, including compensatory and punitive damages, costs of suit, interest, and any other relief the Court deems just and proper.

This conduct was outrageous, undertaken with malice, and caused Plaintiffs severe emotional distress, humiliation, and economic harm. Defendants' wrongdoing not only caused harm to Baiting Jiang but also caused harm to her mother, Lanjiao Qin.

Plaintiff re-alleges incorporates into this cause of action the allegations contained in

### TENTH CAUSE OF ACTION

**(Intentional Interference with Prospective Economic Advantage)**

Plaintiff Baiting Jiang alleges against all Defendants:

(60) At all relevant times, Plaintiff maintained and reasonably expected to continue economic and professional relationships with:

    a.   Alumni associations of the South China University of Technology in the United States, Hong Kong, and mainland China, and around the world. Professional networks and WeChat groups consisting of influential business, academic, legal, and technology professionals;

    b.   Supporters, and members of the public who relied on Plaintiff's reputation and professional standing; and

    c.   Other prospective clients, collaborators, and employers in the United States and internationally.

Probability of Economic Benefit:

These relationships carried a probability of future economic benefit to Plaintiff, including but not limited to opportunities for professional advancement, speaking engagements, legal

consulting, alumni leadership positions, and related financial and reputational benefits.

Defendants, including but not limited to Weixia Dong, Yushun Yang, Hongyu Yang, Quan He, Rajakumar Sobers, Xiaohong Dou, Zihui Chen, Feng Yi, Yijian Shi, the Bay Area Homeowners Network, NBCUniversal Media LLC, and Does 1–100, knew of Plaintiff's existing and prospective economic relationships.

Defendants intentionally engaged in wrongful conduct designed to disrupt these economic relationships, including but not limited to:

    d.  Publishing and republishing false and defamatory statements about Plaintiff to alumni associations, online fundraising platforms, social media platforms, and professional networks;

    e.  Disseminating false statements alleging that Plaintiff was a Communist Party operative who came to the United States to live rent-free indefinitely as a "Chinese virus" and professional squatter, a fraudster, and a dangerous individual, and further falsely claiming that she was involved in prostitution, which constitutes defamation per se.

    f.  Coordinating the removal of Plaintiff from at least fifteen WeChat groups and professional alumni organizations;

    g.  Blocking Plaintiff's participation in alumni events and candidacy for alumni board positions;

    h.  Intentionally accessing and hacking Plaintiff's Facebook and LinkedIn accounts to delete and alter content, thereby damaging her professional credibility;

    i.  Manipulating online search results to conceal evidence of Defendants' misconduct and to harm Plaintiff's reputation.

Defendants had no privilege or justification for this conduct, which was undertaken with malice, oppression, and intent to harm Plaintiff's professional prospects.

As a direct and proximate result of Defendants' actions, Plaintiff's economic relationships and opportunities were disrupted, including but not limited to her removal from alumni leadership candidacy, exclusion from alumni events, loss of professional contacts, diminished standing in professional networks, and damage to her ability to secure future professional and economic opportunities.

Plaintiff re-alleges incorporates into this cause of action the allegations contained in Paragraphs 1 to 59 of this Complaint as if the same were set out in full herein.

Plaintiff has suffered and continues to suffer economic loss, reputational harm, and severe emotional distress in an amount to be proven at trial. Defendants' wrongdoing not only caused harm to Baiting Jiang but also caused harm to her mother, Lanjiao Qin.

## ELEVENTH CAUSE OF ACTION

### (Invasion of Privacy / Intrusion into Private Affairs)

(61) Plaintiff Baiting Jiang alleges against all Defendants:

(1) Plaintiff's Reasonable Expectation of Privacy:

At all relevant times, Plaintiff had a reasonable expectation of privacy in her personal communications, social media accounts, professional networks, and private information contained within her Facebook, LinkedIn, and other online platforms.

(2) Defendants' Intrusive Conduct:

Defendants, including but not limited to Weixia Dong, Yushun Yang, Hongyu Yang, Quan He, Rajakumar Sobers, Xiaohong Dou, Feng Yi, Zihui Chen, Feng Yi, the Bay Area Homeowners Network, NBCUniversal Media LLC, and Does 1–100, engaged in a pattern of wrongful conduct that invaded Plaintiff's privacy, including but not limited to:

   o   Intentionally accessing and hacking Plaintiff's Facebook and LinkedIn accounts without authorization;

- o  Altering and deleting Plaintiff's private posts, messages, photos, and other content in order to damage her reputation, isolate her professionally, and retaliate against her for publicly disclosing the falsity of Defendants' reporting;
- o  Monitoring, collecting, and disseminating Plaintiff's private communications and activities within alumni WeChat groups and professional networks; and

(3) Suppressing Plaintiff's efforts to correct false information by removing her from WeChat groups, including but not limited to "硅谷下午茶" ("Silicon Valley Afternoon Tea"), the group managed by Sherry Hu, the Mayor of Dublin, and approximately fourteen other WeChat groups.

(4) Defendants' conduct would be highly offensive to a reasonable person and was undertaken intentionally, maliciously, and without Plaintiff's knowledge or consent.

Plaintiff re-alleges incorporates into this cause of action the allegations contained in Paragraphs 1 to 60 of this Complaint as if the same were set out in full herein.

As a direct and proximate result of Defendants' intrusion into her private affairs, Plaintiff suffered and continues to suffer severe emotional distress, anxiety, humiliation, and economic and reputational harm.

Plaintiff has been damaged in an amount to be proven at trial and seeks all available relief, including compensatory and punitive damages, attorneys' fees, interest, and costs of suit.

## TWELFTH CAUSE OF ACTION

### (Violation of the Computer Fraud and Abuse Act – 18 U.S.C. §1030)

61. Plaintiffs reallege all prior paragraphs.

62. Defendants knowingly accessed Plaintiffs' protected computers without authorization.

63. Defendants altered and deleted data, causing damage exceeding $5,000 within a one-year period.

64. Plaintiffs are entitled to compensatory damages, injunctive relief, and attorneys' fees.

## THIRTEENTH CAUSE OF ACTION

### (Conspiracy to Violate Civil Rights – 42 U.S.C. §1985(3)

64. Defendants conspired to deprive Plaintiffs of equal protection of the laws and rights secured by the Constitution.

65. The conspiracy was motivated by discriminatory animus toward Plaintiffs' Chinese ancestry.

66. Overt acts included malicious prosecution, defamation, hacking, and intimidation.

67. Plaintiffs suffered injury and are entitled to relief under §1985(3).

### PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for judgment against Defendant as follows:

1. For in General damages in an amount according to Proof of at least $75,000

2. For punitive and exemplary damages as allowed by law;

3. For an award to Plaintiff of costs of suit incurred herein and reasonable attorney's fees;

4. For statutory fees, as allowed by law;

5. For civil penalties, as allowed by law;

6. For prejudgment interest and post-judgment interest as allowed by law;

7. Requiring Defendants to make a public retraction of the false statement;

8. For compensatory damages, including but not limited to damages resulting from Plaintiff's emotional distress in an amount to be determined at trial and as allowed by law;

9. Requiring Defendants to make a formal apology to the Plaintiff and publicize its apology in headlines;

10. Granting preliminary and permanent injunctive relief to prevent Defendants from making further defamatory remarks;

11. For an award of such other and further relief as the Court deems just and proper.

COMPLAINT

DEMAND FOR JURY TRIAL

Plaintiff demands a trial by a jury.

Date: July 7, 2025

Respectfully submitted.

baiting Jiang

Baiting Jiang

Plaintiff

Lanjiao Qin

Lanjiao Qin

Plaintiff

COMPLAINT

Page 28 of 28