IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

BAITING JIANG, LANJIAO QIN, and DOES 1 to 100,

                Plaintiffs,

  v.

NBCUIVERSAL MEDIA, LLC, NBCUNIVERSAL MEDIA, INC., BRIAN L. ROBERTS, COMCAST CORPORATION, KNTV TELEVISION LLC, CANDICE NGUYEN, JEREMY CARROLL, MICHAEL BOTT, ANTHONY RUTANASHOODECH, MICHAEL HORN, MARK VILLARREAL, ALEX BOZOVIC, HONGYU YANG, WEIXIA DONG, YUSHUN YANG, RAJAKUMAR SOBERS, QUAN HE, BAY AREA HOMEOWNERS NETWORK, XIONGHONG DOU, ZIHUI CHEN, FENG YI, YIJIAN SHI, and DOES 1–100,

                Defendants.

OPINION and ORDER

25-cv-592-jdp

---

Plaintiffs Baiting Jiang and Lanjiao Quin, proceeding without counsel, bring several federal and state claims for relief against numerous defendants. Plaintiffs' claims trace to a housing dispute between Jiang and her former landlord in San Mateo, California during the COVID-19 pandemic and news coverage of that dispute. Although plaintiffs paid the filing fee, I have the authority to screen the complaint before the case proceeds. *Rowe v. Shake*, 196 F.3d 778, 783 (7th Cir. 1999). I will dismiss the case without leave to amend for improper venue and failure to state a plausible claim for relief.

BACKGROUND

In 2021, Jiang brought a highly similar action in the Northern District of California. *Jiang v. NBCUIVERSAL Media, LLC*, 21-cv-1293 (N.D. Cal.). Jiang later sought to include her

mother, Qin, as a plaintiff, and the court ultimately severed Qin's claims into a separate lawsuit. *Qin v. KNTV Television LLC*, 25-cv-676 (N.D. Cal.). The '1293 and '676 actions were dismissed for, respectively, failure to state a claim and lack of standing, and plaintiffs are pursuing appeals in the Ninth Circuit Court of Appeals. *See* Dkts. 279 and 287 in the '1293 case; Dkt. 3 and Dkt. 5 in the '676 case; *Jiang et al. v. NBC Universal Media, LLC, et al.*, 26-549 (9th Cir.); *Jiang et al. v. NBC Universal Media, LLC, et al.*, 25-6195 (9th Cir.).

The order of dismissal in the '1293 case provides context for plaintiffs' complaint in this case:

> NBC Bay Area reporters issued three news reports in October and November 2020 about eviction proceedings brought by Ms. Jiang's former landlord against her. In the reports, Ms. Jiang disputes her former landlord's allegations that she threatened and harassed the landlord's family. The reports also discuss the effect of the pandemic on landlords and tenants in the Bay Area. Public records confirm that that during this tenant-landlord dispute, Ms. Jiang filed six civil harassment/restraining-order actions against the landlord and his family members. The landlord also filed a civil-harassment/restraining-order action against Ms. Jiang.

Dkt. 279-1 in the '1293 case, at 4.

## ALLEGATIONS OF FACT

Plaintiffs' complaint is excessively long and disorganized, and it contains redundant, immaterial, vague, and inconsistent allegations. I provide only a brief summary. Plaintiffs allege that they were wrongfully evicted from the San Mateo property based on false allegations that they failed to pay rent, damaged the property, and engaged in threatening conduct. Plaintiffs also allege that defendants made false statements about them in news reports and on the internet, hacked into their social media accounts, and sent them threatening messages.

ANALYSIS

The general venue statute, 28 U.S.C. § 1391, governs venue for civil rights actions. As relevant here, a plaintiff may bring a civil action in "a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located," or in a "a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred." *Id.* § 1391(b)(1)–(2). I may dismiss a case for improper venue on my own if the plaintiff's assertion of venue is legally frivolous. *See Atherton v. St. Vincent Hosp.*, 774 F. App'x 304, 305–06 (7th Cir. 2019); *Granger v. Rauch*, 388 F. App'x 537, 538, 541 (7th Cir. 2010).

Plaintiffs allege that they are citizens of China and that defendants are citizens of states other than Wisconsin, Dkt. 1 ¶ 19, so § 1391(b)(1) does not apply. Regarding § 1391(b)(2), plaintiffs' allegations don't plausibly suggest that a substantial part of the events underlying their claims occurred in Wisconsin. No defendant is a citizen of Wisconsin, and plaintiffs have not described any conduct by any defendant that occurred in Wisconsin, let alone any conduct that forms a substantial part of any of plaintiffs' claims. Plaintiffs vaguely allege that defendants published statements accessible in Wisconsin, but the mere fact that a statement is accessible in Wisconsin does not mean that the publication occurred here. Plaintiffs also vaguely allege that defendants hacked into their social media accounts, which "affect[ed]" them in Wisconsin. *See* Dkt. 1 at 7. But plaintiffs don't allege that defendants hacked into their social media in Wisconsin, and it's unclear what being affected by this conduct in Wisconsin means. Plaintiffs have not alleged any facts indicating that they have any meaningful connection to Wisconsin, which also undermines the idea that defendants' hacking affected them in this state. Plaintiffs use a Wisconsin address of record, but it is a virtual mailing address, so it doesn't indicate any meaningful connection to this state. Plaintiffs' assertion of venue in Wisconsin is frivolous.

3

When venue is improper, courts may dismiss or, "if it be in the interest of justice," transfer the case to the proper venue. 28 U.S.C. § 1406(a). I will not transfer this case to the Northern District of California, where venue is likely proper, for two reasons.

First, this lawsuit is abusive because it mostly duplicates the '1293 and '676 actions. In particular, plaintiffs brought this lawsuit while the '1293 action was still pending, so it violates the rule against claim splitting. *See Scholz v. United States*, 18 F.4th 941, 945, 951–52 (7th Cir. 2021).

Second, plaintiffs have failed to state a plausible claim for relief. "A complaint based on a theory of collective responsibility must be dismissed." *Bank of Am., N.A. v. Knight*, 725 F.3d 815, 818 (7th Cir. 2013). Plaintiffs base their claims on a theory of collective responsibility; they mostly attribute each act or omission underlying their claims to every other defendant, which is implausible in the complaint's full context. *See, e.g.*, Dkt. 1 ¶ 6 ("[E]ach and every Defendant was the agent, employee, servant, partner, or joint venturer of each of its or his or her co-Defendants, and in doing the actions described below was acting within the scope of its or his or her authority as such agent, employment, service, partnership, and joint venture and with the permission and consent of each co-defendant."). Plaintiffs' vague, disorganized, and conspiracy-based allegations fail to give any defendant fair notice of their claims against that party. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged"); *Kadlec v. Ill. Bell Tel. Co.*, 407 F.2d 624, 627 (7th Cir. 1969) (conclusory allegations of conspiracy don't state a claim).

CONCLUSION

When a plaintiff proceeds without counsel, the court of appeals has cautioned against dismissing her case without giving her a chance to amend the complaint. *Felton v. City of Chicago*, 827 F.3d 632, 636 (7th Cir. 2016). But "if it is clear that any amendment would be futile," I need not grant leave to amend. *Bogie v. Rosenberg*, 705 F.3d 603, 608 (7th Cir. 2013). Leave to amend would be futile because plaintiffs' assertion of venue in this district is legally frivolous and the lawsuit violates the rule against claim splitting.

ORDER

IT IS ORDERED that:

1. Plaintiffs' complaint is DISMISSED without leave to amend for improper venue and failure to state a plausible claim for relief.

2. The clerk of court is directed to enter judgment and close the case.

Entered February 10, 2026.

BY THE COURT:

/s/
_____

JAMES D. PETERSON
District Judge